MILTON ABEL SOTO ETC., Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 1116.  Argued November 23, 1937.—Decided January 13, 1938.

*Eudaldo Báez García* for petitioner. *J. A. Surís Agrait* for intervenor.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

While the Court was in vacation, this petition for certiorari was filed by Milton Abel Soto, represented by Ana Bermúdez, his mother with *patria potestas,* and was addressed as follows:

"To the Hon. Adolph G. Wolf, Associate Justice of the Supreme Court in vacation and to the Hon. Supreme Court."

The judge in vacation ordered that the parties be heard on October 26 last. On that day the petitioner excused himself from appearing and filed a brief in support of his petition. Angel Rafael Toro, the opposing party in the proceeding out of which the certiorari has arisen, filed a petition for intervention together with an answer. In this answer he prayed for a term of 10 days within which to file a brief in support of the decision entered by the judge of the District Court of Mayagüez. The judge in vacation called the case, and granted leave to intervene to Angel Rafael Toro, making him a co-respondent with the District Court of Mayagüez, and on the day following, in view of the fact that the petition was also addressed to the Court and that if the intervener were granted the term prayed for to file his brief, the term would expire after the Court had resumed its sessions, ordered that the matter be brought opportunely to the attention of the Court.

This was done, and on November 5, 1937, the Court granted the intervener until November 15 to file his brief,

and the petitioner until November 20 to reply. Both parties have presented their respective contentions in writing, and the petition was duly submitted to the Court on the twenty-third.

The facts, as they appear from the petition, are as follows:

Angel Rafael Toro, through his attorney, brought an action in the Municipal Court of San Germán against Milton Abel Soto, an infant, represented by his mother with *patria potestas,* Ana Bermúdez, for the recovery of $125 damages on account of injuries sustained as a result of a collision on highway number 2 from San Germán to Sabana Grande on March 17, 1935, between a public service automobile belonging to the infant and driven by his chauffeur, Oscar Nazario, and an automobile of plaintiff.

The minor was served, and, represented by his mother with *patria potestas* and by counsel, demurred to the complaint for failure to state facts constituting a cause of action. The demurrer was overruled. He then answered, filing a general denial and setting up as a special defense "that the defendant was only two or three years of age and was living with his mother with *patria potestas,* Ana Bermúdez, who was liable for the acts of the said defendant."

The municipal court entered judgment against the defendant. The latter appealed to the District Court of Mayagüez, which overruled a demurrer on December 21, 1936, and after having had a trial on September 14, 1937, entered judgment for plaintiff on October 1, 1937, which judgment was notified to the defendant four days later.

Upon these facts, there being no appeal to this Supreme Court since the amount in controversy is less than $300, the defendant, on October 14, 1937, filed the present petition for writ of certiorari in the manner before set out.

The mere fact that there is no appeal is not sufficient to permit a remedy by certiorari as a matter of right. The other circumstances which the statute and the decisions

462

require for the remedy must also exist. We shall not stop, however, to consider whether or not what is here involved is a question of jurisdiction, or of procedure, or of manifest injustice, but shall proceed to consider and decide the question raised; that is, whether or not this case is governed exclusively by Section 1803, paragraph 2, of the Civil Code (1930 ed.), as petitioner contends, that is, whether the liability alleged by the plaintiff falls upon the mother and not on the infant.

The first and second paragraphs of Section 1803 provide:

"The obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

"The father, and on his death or incapacity the mother, is liable for the damages caused by the minors who live with them."

This is found immediately following these provisions of Section 1802:

"A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done."

It requires no great effort to hold that the liability of the parent is for the personal acts of his minor child. The latter is in his custody. He is aware that the child's judgment is not yet formed and that he must be watched so that he may not cause injury to another. If the child does so and the parent does not show that he employed all the diligence of a good father of a family to prevent the injury, he is liable therefor. *Nadal* v. *Miranda,* 27 P.R.R. 300; *Portalatín* v. *Noriega,* 33 P.R.R. 755; *Rodríguez etc.* v. *Santos,* 40 P.R.R. 45.

When the injury is not caused by the minor acting personally but by the property of the minor under administration, his capital as employed in production, his agent acting in his service, a different situation arises, and the parent is not directly liable, but the estate of the minor is so liable.

There is then applicable, not the second paragraph of Section 1803 as construed together with Section 1802, but the fourth paragraph of that section as follows:

"Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties."

A minor is not prevented from possessing properties which may consist in enterprises. When his incapacity is cured in the manner provided by law, he may be the owner, as he was here, of a public service automobile which he does not drive, but which is operated by his agent, and if the latter through an act or omission in which there is fault or negligence causes injury to another, the owner even though a minor is liable in the form and manner provided for in the first, fourth, and last paragraphs of Section 1803 of the Civil Code (1930 ed.), such liability being demandable in accordance with the applicable provisions of the law of procedure. See Section 93, paragraph 3, of the Code of Civil Procedure.

In view of the foregoing, the petition for writ of certiorari must be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.